[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13728
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cr-00003-DHB-BKE-16

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHIN WHITE,
a.k.a. Step,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 24, 2020)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Stephin White, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion for a sentence reduction under the First Step Act of 2018,

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 ("First Step Act"), after it found

that the First Step Act would not affect his sentence.  On appeal, White argues that: (1) the district court erred by not reducing his sentence under the First Step Act, which violated his constitutional rights to due process; and (2) among other things, his other constitutional rights were violated, his counsel was ineffective, and the court erred in computing the drug-quantity amount.  After careful review, we affirm.

We review a district court's authority to modify a sentence de novo.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).  A district court lacks the inherent authority to modify a term of imprisonment.  Id.  (citing 18 U.S.C. § 3582(c)).  But it may do so to the extent that a statute expressly permits.  Id. (citing 18 U.S.C. § 3582(c)(1)(B)).

In addition, under § 3582(c)(2), where a defendant's term of imprisonment was based on a guideline range "that has subsequently been lowered by the Sentencing Commission," a district court has the discretion to reduce the sentence if that kind of reduction is consistent with applicable policy statements of the Guidelines.  18 U.S.C. § 3582(c)(2).  The applicable policy statement, found in U.S.S.G. § 1B1.10, lists those guideline amendments that may apply retroactively to reduce a sentence.  U.S.S.G. § 1B1.10.  Only amendments listed in Section 1B1.10 that have the effect of lowering the sentencing range upon which a sentence was based may be considered for reduction of a sentence under Section 3582(c)(2).  Id. § 1B1.10(a)(2); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

Section 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, including challenges to the constitutionality of a sentence, which a claimant must instead present as a collateral attack on his sentence under § 2255.  United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (holding that § 3582(c)(2) "does not constitute a de novo resentencing" and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").

First, we are unpersuaded by White's argument that the district court erred in denying his motion for sentence reduction under § 404 of the First Step Act.  The basis for his argument begins with the Fair Sentencing Act, enacted on August 3, 2010, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; see Dorsey v. United States, 567 U.S. 260, 268-69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was unjustified, disproportional, and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum

3

from 5 grams to 28 grams.  Fair Sentencing Act of 2010, Pub. L. No. 111 220, 124 Stat. 2372, § 2(a)(1)-(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

Notably, however, these amendments were not made retroactive to defendants who were sentenced prior to enactment of the Fair Sentencing Act.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012); see also Dorsey, 567 U.S. at 281 (holding that the Fair Sentencing Act applied to defendants who committed a crack cocaine offense before August 3, 2010, but were sentenced after the Act's effective date).  Further, the Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving crack cocaine that do not fall within § 841(b)(1)(A) or (B).  Fair Sentencing Act of 2010 § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404.  Under § 404(b) of the Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act [] were in effect at the time the covered offense was committed."  Id. § 404(b).  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  Id. § 404(a).  The First Step Act further provides

4

that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section," and it precludes a court from entertaining a motion for reduction of sentence if "the sentence was previously imposed . . . in accordance with" the Fair Sentencing Act's reduced statutory penalties. Id. § 404(c).

Here, the district court did not err in denying White's motion for a sentence reduction.[1]  While the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment, see Jones, 962 F.3d at 1297, White did not commit a "covered offense" within the meaning of § 404(a) of the First Step Act and, thus, was ineligible for relief.  The offense for which he was convicted occurred between August 2011 and March 2012, when he conspired to sell more than 280 grams of crack cocaine.  Because he did not commit this offense before August 3, 2010, it was not a "covered offense" within § 404(a)'s definition. See First Step Act of 2018 § 404(a).  Further, White was sentenced in April 2013, so he already received the benefit of the Fair Sentencing Act's reduced penalties for crack cocaine. See Fair Sentencing Act of 2010 § 2.  Accordingly, we affirm as to this issue.

White also raises a variety of additional arguments, but we are unable to consider them at this stage of the proceedings.  All of his remaining claims --

---

[1] We note that even though White filed his notice of appeal more than 14 days after the district court entered the relevant order, outside the time limit proscribed by Federal Rule of Appellate Procedure 4, that is inconsequential because the government does not dispute timeliness. See United States v. Lopez, 562 F.3d 1309, 1313-14 (11th Cir. 2009) (holding that because the time limits proscribed in the Federal Rules of Appellate Procedure are not jurisdictional in a criminal case, an appeal may proceed if the government does not dispute the timeliness of the appeal).

including his claims alleging ineffective assistance of counsel, various other constitutional violations, the invalidity of his plea agreement and error in the district court's drug-quantity computation -- amount to "extraneous resentencing issues" that are not properly before us at this time.  See Bravo, 203 F.3d at 781-82; see also Massaro v. United States, 538 U.S. 500, 504-05 (2003) (noting how ineffective-of-assistance claims by federal prisoners should be presented in a 28 U.S.C. § 2255 proceeding).  Accordingly, we will not consider these arguments, and affirm as to his remaining claims as well.

      **AFFIRMED**.